IN THE SUPREME COURT OF THE STATE OF DELAWARE

AUGUSTUS H. EVANS, JR., §
§ No. 257, 2014
Defendant-Below, §
Appellant, § Court Below: Superior Court
§ of the State of Delaware in and
v. § for Sussex County
§
STATE OF DELAWARE, §
§
Plaintiff-Below, § Cr. ID No. 0609011528A
Appellee. §

Submitted: June 9, 2014
Decided: August 19, 2014

Before **STRINE**, Chief Justice, **HOLLAND** and **RIDGELY**, Justices.

**O R D E R**

This 19th day of August 2014, it appears to the Court that:

(1) The appellant, Augustus H. Evans, Jr., filed this appeal from the Superior Court's order dated April 23, 2014 denying his third motion for postconviction relief under Superior Court Criminal Rule 61 ("Rule 61"). After Evans filed his opening brief on appeal, the appellee, State of Delaware, filed a motion to affirm the Superior Court judgment under Supreme Court Rule 25 ("Rule 25").[1]

---

[1] The Court has not considered Evans' request to respond to the motion to affirm. Under Rule 25(a), a response to a motion to affirm is not permitted unless it is requested by the Court. Also, the Court has not considered Evans' second "permissive writing"

(2)     In July 2007, a Superior Court jury convicted Evans of several criminal offenses related to his September 2006 confrontations with a rival drug dealer in Seaford and a police officer in Laurel.  On direct appeal, we affirmed Evans' convictions and sentence.[2]  We also affirmed the denial of Evans' first and second motions for postconviction relief.[3]

(3)     The following excerpt from our decision on direct appeal provides a context for the claims raised by Evans in this appeal.

> The evidence presented at trial fairly established that within a ten to twelve hour period, *i.e.* from Saturday evening, September 16, 2006 through Sunday morning, September 17, 2006, Evans was involved in two gun incidents.  The first incident occurred Saturday night in Seaford, Delaware, when Evans fired three shots at a rival drug dealer, William Witherspoon, hitting Witherspoon once in the left thigh.  The second incident occurred Sunday morning in Laurel, Delaware, when Evans pointed a gun at Officer Charles Campbell of the Laurel Police Department.
>
> Evans was arrested on September 17, 2006, for the Laurel incident.  Two days later, while in custody pursuant to the Laurel arrest, Evans was interviewed by Seaford Police Lieutenant Richard

submission under Rule 15(a)(vi), because it was, in effect an impermissible response to a motion to affirm.

[2] *Evans v. State*, 2009 WL 367728 (Del. Feb. 13, 2009).

[3] *State v. Evans*, 2009 WL 2219275 (Del. Super. Ct. July 6, 2009), *aff'd sub nom. Evans v. State*, 2009 WL 3656085 (Del. Nov. 4, 2009); *State v. Evans*, 2013 WL 1090979 (Del. Super. Ct. Feb. 25, 2013), *aff'd sub nom. Evans v. State*, 2013 WL 5614265 (Del. Oct. 10, 2013).

Jamison about the Seaford incident. During that videotaped interview, which was played for the jury at trial, Evans essentially admitted to shooting Witherspoon.[4]

(4) Evans' opening brief repeats, verbatim, the claims raised in his third postconviction motion. Fairly summarized, Evans' claims entitled "Entitlement to Voluntariness Instruction," "Self-Incrimination," and "Pretrial Detentioners" concern the self-incriminating statements he made to Lieutenant Jamison.[5] Evans' claim entitled "Veracity Challenge/Franks Evidentiary Hearing" concerns the denial of his pretrial request for an evidentiary hearing challenging his arrest on the Laurel charges. Finally, in a claim entitled "Judicial Bias/Abuse of Discretion," Evans alleges that the judge who presided over his jury trial and denied his postconviction motions was biased against him.

(5) "It is well-settled that the Superior Court must address the procedural requirements of Rule 61 before considering the merits of a

---

[4] *Evans v. State*, 2009 WL 367728, at *1 (Del. Feb. 13, 2009) (footnotes omitted).

[5] The claim entitled "Entitlement to Voluntariness Instruction" argues that the Superior Court committed plain error when it failed to give a jury instruction that Evans had requested on the voluntariness of the statements he made to Lieutenant Jamison. The claim entitled "Self-Incrimination" argues that the Superior Court's former adjudication of a *Miranda* claim, which was based on Evans' interview with Lieutenant Jamison, was incomplete. The claim entitled "Pretrial Detentioners" argues that Evans was illegally interviewed by Lieutenant Jamison.

postconviction motion."[6]  Likewise, when reviewing an appeal from the denial of postconviction relief under Rule 61, this Court will address any applicable procedural bars and any exceptions to those bars.[7]

(6) In this case, the Superior Court concluded, and we agree, that Evans' third postconviction motion was untimely under Rule 61(i)(1)[8] and repetitive under Rule 61(i)(2).[9]  We also agree that Evans' postconviction motion raised formerly adjudicated claims under Rule 61(i)(4).[10]

(7) Evans' claims entitled "Pretrial Detentioners" and "Veracity Challenge/Franks Evidentiary Hearing" were considered on their merits on direct appeal and in the Superior Court's denial of Evans' first postconviction motion.  Thereafter, on appeal from the denial of Evans' first postconviction motion, we barred the claims as formerly adjudicated.[11]  In this appeal from the denial of Evans' third postconviction motion, Evans has

---

[6] *Raymond v. State*, 2013 WL 56144, at *1 (Del. Jan. 3, 2013) (citing *Younger v. State*, 580 A.2d 552, 554 (Del. 1990)).

[7] *Younger v. State*, 580 A.2d 552, 554 (Del. 1990).

[8] *See* Del. Super. Ct. Crim. R. 61(i)(1) (barring a motion filed more than one year after the judgment of conviction is final).

[9] *See id.* at (i)(2) (barring any ground for relief not asserted in a prior postconviction proceeding as required by R. 61 (b)(2)).

[10] *See id.* at (i)(4) (barring formerly adjudicated claim).

[11] *See Evans v. State*, 2009 WL 3656085, at *1 (Del. Nov. 4, 2009) (barring claim of improper detention and challenge to veracity of probable cause affidavit as formerly adjudicated on direct appeal).

not demonstrated that either claim warrants further consideration under the narrow "in the interest of justice" exception found under Rule 61(i)(4).[12]

(8) Evans' claims entitled "Entitlement to Voluntariness Instruction" and "Self-Incrimination" could have been raised on direct appeal and were not. Those claims, therefore, are defaulted under Rule 61(i)(3) unless Evans can demonstrate that an exception to the procedural bar should apply.[13] On appeal, Evans has not demonstrated that either claim warrants review because of a constitutional violation so substantial that it constitutes a "miscarriage of justice" undermining the "fundamental legality . . . or fairness" of Evans' conviction under Rule 61(i)(5)[14] or a newly recognized retroactively applicable right under Rule 61(i)(1).[15] Delaware law does not require the court to give a voluntariness instruction after the court has found a defendant's statement was voluntary.[16] The "law of the

---

[12] *See id.* at (i)(4) (providing that a formerly adjudicated claim may be reconsidered in the interest of justice). *See Lindsey v. State*, 2014 WL 98645, at *3 (Del. Jan. 9, 2014) (quoting *Weedon v. State*, 750 A.2d 521, 527-28 (Del. 2000)).

[13] *See id.* at (i)(3) (barring any ground for relief not asserted in the proceedings leading to the judgment of conviction).

[14] *See id.* at (i)(5) (providing that the procedural bars of (i)(1), (2) and (3) shall not apply "to a colorable claim that there was a miscarriage of justice because of a constitutional violation that undermined the fundamental legality, reliability, integrity or fairness of the proceedings leading to the judgment of conviction").

[15] *See id.* at (i)(1) (providing that a motion may be considered when it asserts a newly recognized retroactively applicable right).

[16] *See Harris v. State*, 1993 WL 61667 (Del. Feb. 3, 1993) (citing *Flamer v. State*, 490 A.2d 104, 116 n.7 (Del. 1983)).

case doctrine" bars Evans from relitigating the legality of his arrests and, by extension, his claim that his statements were rendered involuntary due to an illegal arrest.[17] As we have also explained, we held Evans' claim that he was improperly detained as procedurally barred in a prior decision.[18] It remains barred, notwithstanding the different spins he attempts to put on the same basic argument.[19]

(9) We therefore agree with the Superior Court's conclusion that Evans' "effort to revisit his [claims] by repackaging same under a claim of judicial bias and/or incompetence must fail." Based on our foregoing analysis of the other claims on appeal, we similarly conclude that Evans' derivative claim of "Judicial Bias/Abuse of Discretion" is not supported by the record and is without merit.

(10) Lastly, we note the obvious: This is Evans' third Rule 61 petition. We have now concluded for a third time that the Superior Court has properly found that Evans' claims do not present grounds for relief from his judgment of convictions by the court. Each time we have invested

---

[17] *See, e.g., Brittingham v. State*, 705 A.2d 577, 579 (Del. 1998) ("The prior decisions by this Court on any adjudicated issue involving Brittingham's claims became the law of the case in all subsequent stages of his continuing criminal proceedings.").

[18] *See supra* note 11.

[19] "Neither the Superior Court nor this Court is obligated to reconsider a previously rejected claim simply because the issue has been refined or restated." *Desmond v. State*, 2014 WL 3809683, at *2 (Del. Aug. 1, 2014) (citing *Riley v. State*, 585 A.2d 719, 721 (Del. 1990)).

considerable time to detail our reasons. In the future, if Evans files additional petitions, we do not intend to continue to invest scarce judicial resources in addressing Evans' repetitive claims. We also encourage Evans to be mindful of subsection (j) of Rule 61.[20]

NOW, THEREFORE, IT IS ORDERED, that the State's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[20] *See* Del. Super. Ct. Crim. R. 61(j) ("If a motion is denied, the state may move for an order requiring the movant to reimburse the state for costs and expenses paid for the movant from public funds.").